IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL RUSS | § | |
| v. | § | CIVIL ACTION NO. 6:07cv56 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

      The Petitioner Michael Russ, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. §636(c).

      Russ says that he was convicted on his plea of guilty of burglary of a habitation and burglary of a building on October 10, 2005, receiving concurrent sentences of 15 years in prison. State court records show that Russ waived his right to appeal as part of his guilty plea, but filed a notice of appeal on May 10, 2006. On May 26, 2006, his appeal was dismissed for want of jurisdiction. Russ then filed two state habeas corpus applications on October 18, 2006, which were denied without written order on December 22, 2006. Russ signed his federal habeas petition on January 24, 2007.

      In his petition, Russ says that he received ineffective assistance of counsel, that the prosecutor committed misconduct, that the trial court erred in various ways, there was insufficient evidence to support the conviction, and he was denied due process and equal protection when he was not allowed to withdraw his guilty pleas. The Respondent has been ordered to answer the petition and has filed an answer arguing that the statute of limitations has expired on Russ' claims. Russ has filed a response to the answer.

The Respondent's answer says that there are two potential dates upon which the Court could find that Russ' convictions became final. Because Russ waived his right to appeal, the Respondent says, the Court could find that his conviction became final on October 10, 2005, the date of sentencing, or, alternatively, that the conviction became final on November 9, 2005, upon the expiration of the time for filing a notice of appeal. The Respondent says that in Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003), the Fifth Circuit said that if the defendant stops the appeal process before the time for filing further proceedings expires, the conviction becomes final when the time for seeking further direct review in state court expires. The Respondent contends that Russ stopped the appeal process when he waived his right to appeal, on October 10, 2005, and so the limitations period should run from that date.

Russ filed his state habeas petition on October 18, 2006, which the Respondent asserts was outside of the limitations period by eight days. Hence, the Respondent concludes, this habeas petition had no effect upon the limitations period, which expired on October 10, 2006, and so Russ' petition is barred by the statute of limitations.

In his response, Russ says that he filed a notice of appeal on May 10, 2006, and this notice of appeal stopped the limitations period. He concedes that the Court of Appeals dismissed his appeal for want of jurisdiction, but says that this was "just paper whitewashing." He says that he filed his state habeas writ on October 8, 2006, and that this was denied without written order on December 22, 2006; Russ states that this denial violates his right to due process, apparently because the merits of his claims were not addressed. Russ also indicates that he filed an application of some sort on August 10, 2006, which the court dismissed, and that he then refiled on October 8, 2006 (not October 18, he says). Consequently, Russ argues that he is not time-barred.

A review of the state court records shows the correct dates. Russ was convicted on October 10, 2005, and waived his right to appeal. On May 10, 2006, he filed a notice of appeal. On May 26, 2006, the appeal was dismissed for want of jurisdiction because the notice of appeal was

2

not timely filed. On October 18, 2006, Russ filed his state habeas corpus petitions, and these were denied without written order by the Texas Court of Criminal Appeals on December 20, 2006.

### Legal Standards and Analysis

The statute of limitations, set out in 28 U.S.C. §2244(d), reads as follows:

**(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  **(C)** the date on which the constitutional right asserted was recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This statute was enacted as part of the Anti-Terrorism and Effective Death Penalty Act on April 24, 1996. The first issue to consider is when Russ' conviction became final.

The Respondent argues that the conviction became final on October 10, 2005, the date of sentencing, because Russ waived his right to appeal. However, in Foreman v. Dretke, 383 F.3d 336 (5th Cir. 2004), the petitioner Freddie Foreman filed a timely notice of appeal, which was dismissed by the appellate court for want of jurisdiction, and a timely request for discretionary review, which was denied. The federal habeas court held that Foreman was time-barred, but the Fifth Circuit disagreed. Instead, the Fifth Circuit held that Foreman's notice of appeal and petition for discretionary review were timely and thus "properly filed," and that Foreman had thereby participated in direct review. The Fifth Circuit specifically said that an application was "properly filed" when its delivery and acceptance were in compliance with applicable laws and rules governing

such filings, including such matters as the form of the document, the time limits upon its delivery, the court in which it must be lodged, and the requisite filing fee; the question of whether the application has been "properly filed" is separate from the question of whether the claims in the application are meritorious and free from procedural bar.  Foreman, 383 F.3d at 340, *citing* Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361 (2000).

Thus, Foreman's appeal, which was timely and properly filed, served to extend the commencement of the limitations period because it caused him to participate in direct review.  By implication, therefore, had Russ filed an appeal within the 30-day time limit for doing so, it would presumably have been "properly filed" and therefore served to extend the commencement of the limitation period by allowing him to participate in direct review; as the Fifth Circuit observed, the merits of the appeal are separate from the question of whether the appeal itself is properly filed.

However, Russ did not do so.  Instead, he filed his notice of appeal on May 10, 2006, which is 182 days after his appeal time had expired.  The Fifth Circuit specifically stated in Foreman that the time limits upon delivery were a factor in considering whether the application was properly filed.  Because Russ did not file his notice of appeal within the requisite time limits, this notice was not "properly filed," and so, under Foreman, his conviction became final on November 9, 2005, when his time for filing a notice of appeal expired.

The state court records show that Russ' habeas petitions were filed in the state district court on October 18, 2006.  Russ' contention that he filed the petitions on October 8 is simply incorrect; the file stamp clearly shows October 18, 2006.[1]

This date is 343 days after the conviction became final on November 9, 2005.  As a result, Russ' state habeas petitions tolled the statute of limitations with 22 days remaining.  28 U.S.C. §2244(d)(2).

---

[1] Russ did not even sign his state habeas petitions until October 9, 2006.  In any event, the Fifth Circuit has held that the mailbox rule does not apply to state habeas petitions, and so the file stamp date is the proper date for determining filing.  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).

The state court records show that Russ' petitions were denied by the Texas Court of Criminal Appeals without written order on December 20, 2006, not December 22. Russ' limitations period therefore resumed running on that date with 22 days remaining, and expired on Thursday, January 11, 2007.

However, Russ did not even sign his federal habeas petition until January 24, 2007, eleven days after the statute of limitations expired. His claims are therefore barred by the statute of limitations, absent any other tolling provisions.

In this regard, Russ has made no showing that unconstitutional State action prevented him from seeking habeas corpus relief in a timely manner, or that he is asserting a newly recognized constitutional right. Neither has he shown that he could not have discovered the factual predicates of his claims through exercise of due diligence until a later time. Russ' claims are barred by the statute of limitations.

Nor has Russ shown any basis upon which the limitations period should be equitably tolled. The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se*, illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000); *see also* Fisher, 174 F.3d at 713 n.11.

The Supreme Court has not specifically stated that the habeas corpus limitations period may be equitably tolled, but has stated that, assuming that such tolling is available, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007); *see also* In re Lewis, 484 F.3d 793, 798 (5th Cir. 2007).

Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. See Davis, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." Lonchar v. Thomas, 517 U.S. 314, 324, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996).

In this case, Russ has not shown any valid basis upon which to equitably toll the statute of limitations. The fact that he missed the filing deadline by less than two weeks is not in itself a grounds for equitable tolling of the limitations period. Lookingbill v. Cockrell. 293 F.3d 256, 264-65 (5th Cir. 2002). The Fifth Circuit has explained that equitable tolling is not intended for those who "sleep on their rights." Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999). In addition, the Fifth Circuit has stated that "this court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by." Nelms v. Johnson, slip op. no. 01-10696 (5th Cir., Sept. 30, 2002) (prisoner who waited 317 days between affirmance of his conviction and the filing of his first state habeas petition was not entitled to equitable tolling of the statute of limitations); *see also* Lawrence, 127 S.Ct. at 1085 (noting that a petitioner must show a diligent pursuit of his rights). Russ has slept on his rights, failing to show that he has been pursuing these rights diligently but that some extraordinary circumstance stood in his way, and his challenge to his conviction is barred by the statute of limitations.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See* Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, a petitioner must make the same showing as was required for a certificate of probable cause. Else v. Johnson, 104 F.3d 82, 83 (5th Cir. 1997). The only difference is that the district court, in granting a certificate of appealability, must specify the issues to be appealed. Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997).

The prerequisite for either a certificate of probable cause or a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996); James v. Cain, 50 F.3d 1327, 1330 (5th Cir. 1995). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. James, 50 F.3d at 1330.

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

In this case, reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling that Russ' petition is barred by the statute of limitations. Consequently, Russ is not entitled to a certificate of appealability, and it is accordingly

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice as barred by the statute of limitations. It is further

ORDERED that the Petitioner Michael Russ is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

      ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

      **So ORDERED and SIGNED this 18th day of July, 2007.**

*(signature)*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE